**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAT LONG INFRASTRUCTURE, LLC, et al., <br><br> Plaintiffs, <br><br> - against – <br><br> CITY CAPITAL NY, LLC, et al., <br><br> Defendants. | Case No.: 23-cv-00810-ENV-TAM <br><br><br> **REQUEST FOR PRE-MOTION CONFERENCE IN ORDER TO MOVE TO COMPEL ARBITRATION** |

TO:  Hon. Eric N. Vitaliano
     U.S. District Court, Eastern District of New York
     225 Cadman Plaza East
     Brooklyn, N.Y. 11201

Dear Judge Vitaliano:

I represent all of the defendants in this case except for Mynt Advance LLC and Unlimited Funding Group, LLC.  Pursuant to §III (A)(i) your Individual Rules, we move for a pre-motion conference to seek leave to file a motion to compel arbitration.

The Complaint is brought by Lat Long Infrastructure, LLC, a party to agreements with City Capital NY, LLC, Dynasty Capital 26, LLC and Legacy Capital 26, LLC for the sale of its receivables. Co-plaintiff Mr. Urban is also a party to these agreements as a personal guarantor.  Plaintiffs contend the agreements constitute the "collection of unlawful debt" and thus violate the Racketeer Influenced and Corrupt Organizations Act (RICO).  The Complaint seeks damages and a declaration that the agreements are "invalid."

The Agreements provide, in relevant part, that any dispute arising from them is subject to arbitration.  *See* Ex. A, Legacy Capital, Standard Merchant Cash Agreement, P. 10, ¶48 ("any action or dispute relating to this Agreement… including but not limited to issues of arbitrability… be determined by arbitration before a single arbitrator.")  This Agreement is referred to, but not made an exhibit to, the Complaint.  *See* Complaint, ¶31.  Thus, the Court can take judicial notice of it pursuant to Fed. R. Evid. 201(b)(2).  *See, e.g., Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000)("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…").  The other agreements referred to in the Complaint contain the identical arbitration provision.

Accordingly, defendants seek to stay further action by this Court subject to the outcome of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §3 (providing, in relevant part, that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…").

Therefore, the Court should permit the defendants to file a motion to compel arbitration of this dispute and stay this case.

Dated:  March 21, 2023                               Respectfully Submitted,

FOSTER PC

By: _____

Howard Foster
150 North Wacker Drive, Suite 1925
Chicago, Illinois 60606
(312)726-1600
*Counsel for defendants City Capital NY, LLC, Dynasty Capital 26, LLC, Legacy Capital 26, LLC, Yoel Getter, Chanan Fuzailov and Gavriel Yitzchakov*