**LEECH**TISHMAN
ROBINSON**BROG**

March 29, 2023                                                                                          Matthew Cono Capozzoli
                                                                                                        mcapozzoli@leechtishman.com

*Via ECF*

Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Lat Long Infrastructure, LLC et al v. City Capital NY, LLC et al.,
              23-cv-00810-ENV-TAM

Dear Judge Vitaliano,

      I write on behalf of Plaintiffs in response to the request for a pre-motion conference submitted by defendants City Capital NY, LLC, Dynasty Capital 26, LLC, Legacy Capital 26, LLC, Yoel Getter, Chanan Fuzailov, and Gavriel Yitzchakov (collectively, "Moving Defendants"). [ECF Doc. No. 13.] For the reasons set forth below, Plaintiffs respectfully suggest that Moving Defendants' proposed motion to compel arbitration is unlikely to succeed.

**There are no agreements between Plaintiffs and City Capital NY, LLC that require arbitration.**

      Plaintiffs are not aware of any agreement between themselves and defendant City Capital NY, LLC ("City Capital") that requires arbitration. However, even if such an agreement exists, City Capital waived its right to compel arbitration by (1) commencing an action for breach of contract against Plaintiffs;[1] and (2) imposing a prelitigation restraint on Plaintiffs' bank accounts. *See Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1714 (2022) (noting that a party may be deemed to have waived its right to arbitrate where that party "knowingly relinquish[es] the right to arbitrate by acting inconsistently with that right").

---

[1] *City Capital NY, LLC v. Lat Long Infrastructure, LLC, et al.*, 23-cv-02252-ENV-TAM (E.D.N.Y.).

LEECH TISHMAN ROBINSON BROG, PLLC
875 Third Avenue, 9th Floor | New York, New York 10022 | T: 212.603.6300 | F: 212.956.2164

LEECHTISHMANRB.COM

March 29, 2023
Page 2

### The agreements referenced in the Moving Defendants' premotion letter were superseded by later-executed contracts that specifically preclude arbitration.

On or about November 18, 2022, Plaintiffs entered into a series of agreements (jointly, the "November 2022 Agreements") with several Moving Defendants, including defendant Dynasty Capital 26, LLC ("Dynasty Capital") and defendant Legacy Capital 26, LLC ("Legacy Capital"). [ECF Doc. No. 1, ¶¶ 61-64.]  The November 2022 Agreements, which were the last agreements between Plaintiffs and Dynasty Capital and/or Legacy Capital, (1) do not contain arbitration provisions; (2) clearly state that they "supersede[ ] all prior agreements, understandings and negotiations between the Parties"; and (3) include mandatory forum selection clauses.  Accordingly, the arbitration provisions in any prior agreements between Plaintiffs and Dynasty Capital and/or Legacy Capital are not enforceable.  See *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth.*, 764 F3d 210, 215 (2d Cir. 2014) ("In this Circuit, an agreement to arbitrate is superseded by a later-executed agreement containing a forum selection clause if the clause 'specifically precludes' arbitration, but there is no requirement that the forum selection clause mention arbitration.") (internal citations omitted).

### The arbitration provisions in question are also unenforceable because they are designed and utilized to effect Defendants' illegal, fraudulent scheme.

Assuming *arguendo* that this Court determines that the operative agreements between the parties contain arbitration provisions, those provisions are unenforceable because they are used to advance Defendants' fraudulent scheme. Simply put, the arbitration clauses combine with other contractual provisions to create a mechanism that Defendants use to extort merchants and conceal fraudulent activity.

Respectfully submitted,

LEECH TISHMAN ROBINSON BROG, PLLC


/s/Matthew Cono Capozzoli
Matthew Cono Capozzoli