UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LAT LONG INFRASTRUCTURE, LLC and
DANIEL ROBERT URBAN,

                Plaintiffs,

    - against -

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26,
LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE,
LLC, UNLIMITED FUNDING GROUP, LLC, YOEL
GETTER, CHANAN FUZAILOV and GAVRIEL
YITCHAKOV,

                Defendants.
----------------------------------------------------------------------X

Case No. 1:23-cv-00810

**REQUEST FOR PRE-MOTION CONFERENCE IN ORDER TO MOVE TO CHANGE VENUE OR COMPEL ARBITRATION**

To:    Honorable Eric N. Vitaliano
         U.S. District Court, Eastern District of New York
         255 Cadman Plaza East
         Brooklyn, NY 11201

Dear Judge Vitaliano,

      This office represents defendant Mynt Advance LLC. I am submitting this pre-motion letter to request permission to make a motion to change venue to the Western District of Texas, or, in the alternative, to compel arbitration. Via Minute Entry on March 30, 2023, Your Honor has already granted six other defendants leave to file a similar motion without first holding a premotion conference. Further thereto, the parties anticipate submitting a proposed motion schedule by May 1, 2023.

      There are two agreements at issue in this action, and neither provides for jurisdiction in this Court. The first agreement is a merchant cash advance agreement (MCA Agreement), which provides for arbitration, and the second is a settlement agreement ("Settlement") which provides for exclusive jurisdiction in Texas. Both agreements are referred to in the Complaint, but neither is made an exhibit. *See* Complaint, ¶¶ 31 and 61. Thus, the Court can take judicial notice of it pursuant to Fed. R. Evid. 201(b)(2). *See e.g. Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…").

      To the extent the Settlement may supersede the MCA Agreement, it contains a mandatory forum selection provision applying the exclusive jurisdiction of the courts of Travis County, Texas to the adjudication of any dispute. Since this action was not filed in a court located in

Travis County, Texas, it should be transferred to the Western District of Texas, which is located within the selected venue. In the alternative if the Settlement is deemed to be invalid or inapplicable, then arbitration should be compelled in accordance with the arbitration clause contained in the MCA Agreement, which would otherwise be the controlling document.

Because the action belongs in either arbitration or Texas, defendant seeks to stay further action by this Court subject to the outcome of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §3 (providing, in relevant part, that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…") and pursuant to the equitable powers of this Court.

For the foregoing reasons, this Court should permit the defendant to file a motion to compel arbitration of this dispute and stay this case, or alternatively transfer to the Western District of Texas.

Dated: White Plains, NY  
April 27, 2023

**VINK & GOLD, PLLC**

By: *Elie B. Gold*  
Elie B. Gold  
Attorneys for Defendant Mynt Advance LLC  
200 Mamaroneck Ave., Suite 602  
White Plains, NY 10601  
(607) 342-1507  
ElieBrandonGold@gmail.com

To: Matthew Cono Capozzoli, Esq.  
Leech Tishman Robinson Brog, PLLC  
Attorneys for Plaintiffs  
875 Third Avenue, 9th Floor  
New York, New York 10022

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAT LONG INFRASTRUCTURE, LLC and     Case No. 1:23-cv-00810
DANIEL ROBERT URBAN,

        Plaintiffs,

  - against -

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26, LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE, LLC, UNLIMITED FUNDING GROUP, LLC, YOEL GETTER, CHANAN FUZAILOV and GAVRIEL YITCHAKOV,

        Defendants.
-------------------------------------------------------------------X

**DECLARATION OF MICHAEL ANTEBI IN SUPPORT OF MOTION BY DEFENDANT MYNT ADVANCE, LLC TO STAY ACTION AND COMPEL ARBITRATION**

I, Michael Antebi, declare as follows:

1. I am an Authorized Representative of Mynt Advance, LLC ("Mynt"), a defendant in this action.

2. I submit this declaration in support of the motion by Mynt to stay this action and to compel arbitration.

3. As an Authorized Representative, I am a keeper of the record for Mynt and I know Mynt's business practices and procedures, including those for making, maintaining, and using business records. One of my duties in this position is to review the records of Mynt's transactions that are in default. I am familiar with these records and work with them on a daily basis. It is the regular course of Mynt's business to make its business records, which are made at or about the time of the event or transaction recorded, either automatically by computer, or by employees under a duty to make the records, all pursuant to Mynt's established procedures. Mynt's business records

are not prepared for litigation but rather because they are needed and relied on in performance of Mynt's business functions. The process by which Mynt reproduces stored images or data does not permit additions, deletions, or changes without leaving a record of such additions, deletions, or changes, and tampering and degradation of the reproduction is prevented by the recording of such additions, deletions, or changes. As part of my duties, and in the regular course of Mynt's business, I reviewed the records of Mynt's transactions with the plaintiffs to verify the contents of this affidavit.

4. This is a civil RICO action. The complaint was filed on February 2, 2023 (Dkt. No. 1). A copy of the complaint is attached as **Exhibit "A"**.

5. Paragraph 28 of the complaint states that the plaintiff Lat Long Infrastructure, LLC ("Lat Long") entered into agreements with the defendants, including Mynt.

6. Mynt did enter into a Standard Merchant Cash Advance Agreement ("Agreement") with Lat Long dated May 31, 2022. The Agreement contains a Guarantee signed by the plaintiff Daniel Robert Urban. A copy of the Agreement is attached as **Exhibit "B"**.

7. The Agreement contains a broad arbitration provision stating the following:

> ***Any action or dispute relating to this Agreement or involving MA on one side and any Merchant or any Guarantor on the other, including, but not limited to issues of arbitrability, will, at the option of any party to such action or dispute, be determined by arbitration before a single arbitrator. The arbitration will be administered either by Arbitration Services, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.arbitrationservicesinc.com***, or by Mediation & Commercial Arbitration, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.mcarbitration.org. Once an arbitration is initiated with one of these arbitral forums, it must be maintained exclusively before that arbitral forum and the other arbitral forum specified herein may not be used. Any arbitration relating to this Agreement must be conducted in the Counties of Nassau, New York, MAs, or Kings in the State of New York. Notwithstanding any provision of

> any applicable arbitration rules, any witness in an arbitration who does not reside in or have a place for the regular transaction of business located in New York City or the Counties of Nassau, Suffolk, or Westchester in the State of New York will be permitted to appear and testify remotely by telephone or video conferencing. In case any Event of Default occurs and is not waived, each Merchant and each Guarantor consents to MA making an application to the arbitrator, without notice to any Merchant or any Guarantor, for the issuance of an injunction, restraining order, or other equitable relief in MA's favor, subject to court or arbitrator approval, restraining each Merchant's accounts and/or receivables up to the amount due to MA as a result of the Event of Default.
>
> ***Each Merchant acknowledges and agrees that this Agreement is the product of communications conducted by telephone and the Internet, which are instrumentalities of interstate commerce, and that the transactions contemplated under this Agreement will be made by wire transfer and ACH, which are also instrumentalities of interstate commerce, and that this Agreement therefore evidences a transaction affecting interstate commerce. Accordingly, notwithstanding any provision in this Agreement to the contrary, all matters of arbitration relating to this Agreement will be governed by and construed in accordance with the provisions of the Federal Arbitration Act, codified as Title 9 of the United States Code***, however any application for injunctive relief in aid of arbitration or to confirm an arbitration award may be made under Article 75 of the New York Civil Practice Law and Rules. ***The arbitration agreement contained in this Section may also be enforced by any employee, agent, attorney, member, manager, officer, subsidiary, affiliate entity, successor, or assign of MA.***

**Exhibit "B" at ¶ 48** (emphasis added).

8.  The Guarantee of the Agreement contains a broad arbitration provision stating the following:

> ***Any action or dispute relating to this Agreement or this Guarantee or involving MA on one side and any Merchant or any Guarantor on the other, including, but not limited to issues of arbitrability, will, at the option of any party to such action or dispute, be determined by arbitration before a single arbitrator. The arbitration will be administered either by Arbitration Services, Inc. under its Commercial Arbitration Rules as are in effect at that time, which rules are available at www.arbitrationservicesinc.com***, or by Mediation & Commercial Arbitration, Inc. under its

> Commercial Arbitration Rules as are in effect at that time, which rules are available at www.mcarbitration.org. Once an arbitration is initiated with one of these arbitral forums, it must be maintained exclusively before that arbitral forum and the other arbitral forum specified herein may not be used. Any arbitration relating to this Agreement or this Guarantee must be conducted in the Counties of Nassau, New York, MAs, or Kings in the State of New York. Notwithstanding any provision of any applicable arbitration rules, any witness in an arbitration who does not reside in or have a place for the regular transaction of business located in New York City or the Counties of Nassau, Suffolk, or Westchester in the State of New York will be permitted to appear and testify remotely by telephone or video conferencing. In case any Event of Default occurs and is not waived, each Guarantor consents to MA making an application to the arbitrator, without notice to any Merchant or any Guarantor, for the issuance of an injunction, restraining order, or other equitable relief in MA's favor, subject to court or arbitrator approval, restraining each Guarantor's accounts and/or receivables up to the amount due to MA as a result of the Event of Default.
>
> ***Each Guarantor acknowledges and agrees that the Agreement and this Guarantee are the product of communications conducted by telephone and the Internet, which are instrumentalities of interstate commerce, and that the transactions contemplated under the Agreement and this Guarantee will be made by wire transfer and ACH, which are also instrumentalities of interstate commerce, and that the Agreement and this Guarantee therefore evidence a transaction affecting interstate commerce. Accordingly, notwithstanding any provision in the Agreement or this Guarantee to the contrary, all matters of arbitration relating to the Agreement or this Guarantee will be governed by and construed in accordance with the provisions of the Federal Arbitration Act, codified as Title 9 of the United States Code***, however any application for injunctive relief in aid of arbitration or to confirm an arbitration award may be made under Article 75 of the New York Civil Practice Law and Rules. ***The arbitration agreement contained in this Section may also be enforced by any employee, agent, attorney, member, manager, officer, subsidiary, affiliate entity, successor, or assign of MA.***

**Exhibits "B" at ¶ G15** (emphasis added).

9. Mynt elects to have the claim against it determined by arbitration before one arbitrator and administered by Arbitration Services, Inc., which is authorized by the Agreement.

10.     I am advised that a motion to stay a RICO action and compel arbitration based on the same form of agreement as the one in this case was recently granted by Judge Engelmayer in *Inv. Generation Inc. v. Proventure Capital Funding LLC*. 2023 U.S. Dist. LEXIS 49862 (S.D. N.Y., March 23, 2023).

11.     No prior application was made for this relief.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael Antebi                                    Date
Authorized Representative
Mynt Advance, LLC

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LAT LONG INFRASTRUCTURE, LLC and     Case No. 1:23-cv-00810
DANIEL ROBERT URBAN,

            Plaintiffs,

   - against -

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26,
LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE,
LLC, UNLIMITED FUNDING GROUP, LLC, YOEL
GETTER, CHANAN FUZAILOV and GAVRIEL
YITCHAKOV,

            Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT
MYNT ADVANCE, LLC TO STAY ACTION AND COMPEL ARBITRATION**

**VINK & GOLD, PLLC**

*Attorneys for Defendant Mynt Advance LLC*

200 Mamaroneck Ave., Suite 602
White Plains, NY  10601
(607) 342-1507
ElieBrandonGold@gmail.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT ................................................................................................................................1

    POINT I
    THE FEDERAL ARBITRATION ACT IS APPLICABLE................................................1

    POINT II
    THIS ACTION SHOULD BE STAYED AND ARBITRATION SHOULD BE
    COMPELLED........................................................................................................................2

CONCLUSION.............................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**

Allied-Bruce Terminix Companies, Inc. v. Dobson
    513 U.S. 265 (1995)..................................................................................................1

Amaprop Ltd. v. Indiabulls Fin. Servs.
    483 Fed. Appx. 634 (2nd Cir., 2012)........................................................................3

Buckeye Check Cashing, Inc. v. Cardegna
    546 U.S. 440 (2006)..................................................................................................2

DDK Hotels, LLC v. Williams-Sonoma, Inc.
    6 F. 4th 308 (2nd Cir., 2021) ....................................................................................3

Prima Paint Corp. v. Flood & Conklin Mfg. Co.
    388 U.S. 395 (1967)..................................................................................................2

Southland Corp. v. Keating
    465 U.S. 1 (1984)......................................................................................................2

**Statutes**

9 U.S.C. § 2..........................................................................................................................1

9 U.S.C. § 3..........................................................................................................................2

9 U.S.C. § 4..........................................................................................................................2

## PRELIMINARY STATEMENT

Defendant Mynt Advance, LLC ("Mynt") submits this memorandum of law in support of its motion to stay this action as against it and to compel arbitration. All of the criteria under the Federal Arbitration Act to compel arbitration are satisfied. The parties made a clear, explicit, and unequivocal agreement to arbitrate all disputes. The subject dispute falls within the scope of the parties' broad arbitration agreement. Accordingly, this motion should be granted.

A pre-motion letter has not been filed because such a letter is not required under Your Honor's Individual Rules because this is not a motion under (i) FRCP 12 or 56, (ii) to remand to state court, or (iii) for a change of venue, and because Your Honor has already found a pre-motion conference unnecessary before the filing of a motion to compel arbitration by another party.

## STATEMENT OF FACTS

Please see the accompanying declaration of Michael Antebi.

## ARGUMENT

### POINT I

### THE FEDERAL ARBITRATION ACT IS APPLICABLE

The Federal Arbitration Act ("FAA") provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the revocation of any contract." 9 U.S.C. § 2. The FAA applies to arbitration provisions in contracts "evidencing a transaction involving commerce." The Supreme Court has interpreted the words "involving commerce" as the functional equivalent of the phrase

"affecting commerce," which ordinarily signals Congress' intent to exercise its Commerce Clause powers to the fullest extent. *See* Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 273-274, 281 (1995). Here, the FAA is applicable because the parties' dispute involves arbitration provisions in an agreement where the transactions involved transfers of funds through instrumentalities of interstate commerce and the parties contractually agreed that the FAA would be applicable. **Exhibit "B" at ¶¶ 48 and G15.**

## POINT II

## THIS ACTION SHOULD BE STAYED AND ARBITRATION SHOULD BE COMPELLED

The FAA authorizes a party to an arbitration agreement that is not in default in a court action to make an application to stay the action in favor of arbitration. 9 U.S.C. § 3. The FAA authorizes a party to make an application to the Court to compel arbitration. 9 U.S.C. § 4.

In Buckeye Check Cashing, Inc. v. Cardegna, the Supreme Court ruled that a claim of usury is effectively a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, and must therefore be decided by the arbitrator, not the court. 546 U.S. 440, 445-449 (2006). The plaintiff borrowers therein claimed that the defendant lender made illegal usurious loans disguised as check cashing transactions in violation of Florida statutes which rendered the parties' agreement criminal on its face. The Florida Supreme Court denied the lender's motion to compel arbitration, reasoning that the enforcement of an arbitration agreement in a contract challenged as usurious would violate state public policy and contract law. Id. at 442. The Supreme Court reversed, relying on its prior decisions in Prima Paint Corp. v. Flood & Conklin Mfg. Co., (388 U.S. 395 [1967]) and Southland Corp. v. Keating, (465 U.S. 1 [1984]), to "conclude that because respondents challenge the Agreement, but not specifically its arbitration

provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court." <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, *supra*, 546 U.S. at 445-446.

Here, Mynt is not in default in this action. The Agreement contains broad arbitration provisions and delegation clauses. Mynt elects to arbitrate its dispute with Plaintiffs. While Plaintiffs may claim that the Agreement is an unenforceable criminally usurious loan, controlling authority mandates that any such challenge to the validity of the Agreement as a whole must be determined by an arbitrator and not the Court. Furthermore, it has been ruled that opposing arbitration without justification warrants the imposition of costs and attorney's fees. <u>Amaprop Ltd. v. Indiabulls Fin. Servs.</u>, 483 Fed. Appx. 634, 635-636 (2nd Cir., 2012) ("the federal policy of enforcing sophisticated parties' arbitration agreements weighs in favor of fee awards against parties who attempt, without legitimate legal basis, to circumvent arbitration").

## **CONCLUSION**

For all of the foregoing reasons, this action should be stayed against Mynt and Plaintiffs should be compelled to arbitrate with Mynt.

Dated: White Plains, NY
February 27, 2023

**VINK & GOLD, PLLC**

By: *Elie B. Gold*
Elie B. Gold
Attorneys for Defendant Mynt Advance LLC
200 Mamaroneck Ave., Suite 602
White Plains, NY  10601
(607) 342-1507
ElieBrandonGold@gmail.com

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LAT LONG INFRASTRUCTURE, LLC and           Case No. 1:23-cv-00810
DANIEL ROBERT URBAN,

                  Plaintiffs,

  - against -

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26,
LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE,
LLC, UNLIMITED FUNDING GROUP, LLC, YOEL
GETTER, CHANAN FUZAILOV and GAVRIEL
YITCHAKOV,

                  Defendants.
-----------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2023, the Notice of Motion by Defendant Mynt Advance, LLC to Stay Action and Compel Arbitration, Declaration of Michael Antebi, and Memorandum of Law were electronically filed with the Clerk of the foregoing Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  White Plains, NY                   **VINK & GOLD, PLLC**
        February 27, 2023

                                                By:   *Elie B. Gold*
                                                           Elie B. Gold
                                                Attorneys for Defendant Mynt Advance LLC
                                                200 Mamaroneck Ave., Suite 602
                                                White Plains, NY  10601
                                                (607) 342-1507
                                                ElieBrandonGold@gmail.com

To: Matthew Cono Capozzoli, Esq.
Leech Tishman Robinson Brog, PLLC
Attorneys for Plaintiffs
875 Third Avenue, 9th Floor
New York, New York 10022