UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

LAT LONG INFRASTRUCTURE, LLC and   Case No. 1:23-cv-00810
DANIEL ROBERT URBAN,

                Plaintiffs,   **REQUEST FOR PRE-MOTION
                                     CONFERENCE IN ORDER TO
- against -                          MOVE TO CHANGE VENUE OR
                                     COMPEL ARBITRATION**

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26,
LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE,
LLC, UNLIMITED FUNDING GROUP, LLC, YOEL
GETTER, CHANAN FUZAILOV and GAVRIEL
YITCHAKOV,

                Defendants.
----------------------------------------------------------------------X

To:    Honorable Eric N. Vitaliano
        U.S. District Court, Eastern District of New York
        255 Cadman Plaza East
        Brooklyn, NY 11201

Dear Judge Vitaliano,

      I represent the defendant Mynt Advance, LLC ("Mynt") and was just retained today to represent defendant Unlimited Funding Group, LLC ("Unlimited") as well. I write on consent of all parties to (i) request to modify the May 2, 2023 Scheduling Order by moving all dates by two weeks, and (ii) to request a pre-motion conference in accordance with Section III(A) of Your Honor's Individual Practices for defendant Unlimited to join in the motion practice by the other seven defendants.

      On May 2, 2023, the Court entered a Scheduling Order adopting the parties' briefing schedule, which provided

> "Defendants shall serve their opening papers by 6/8/2023. Plaintiffs shall serve their opposition papers by 7/27/2023. Defendants shall serve their reply papers by 8/10/2023, at which point they shall file the fully briefed motion on ECF in accordance with Individual Rule III.D (the "Bundling Rule"). Ordered by Judge Eric N. Vitaliano on 5/2/2023. (SW)"

The proposed revised schedule (which changes in bold/underlined) is as follows: Defendants shall serve their opening papers by 6/**22**/2023. Plaintiffs shall serve their opposition papers by **8/10**/2023. Defendants shall serve their reply papers by 8/**24**/2023, at which point they shall file the fully briefed motion on ECF in accordance with Individual Rule III.D (the "Bundling Rule").

This request is made on request of all parties and necessary because I need to review all paperwork for my additional client and the parties wish to keep one briefing schedule for all of the motions.

With regards to the motion, as previously explained, there are two agreements at issue in this action, and neither provides for jurisdiction in this Court. The first agreement is a merchant cash advance agreement (MCA Agreement), which provides for arbitration, and the second is a settlement agreement ("Settlement") which provides for exclusive jurisdiction in Texas. Both agreements are referred to in the Complaint, but neither is made an exhibit. *See* Complaint, ¶¶ 31 and 61. Thus, the Court can take judicial notice of it pursuant to Fed. R. Evid. 201(b)(2). *See e.g. Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference…").

To the extent the Settlement may supersedes the MCA Agreement, it contains a mandatory forum selection provision applying the exclusive jurisdiction of the courts of Travis County, Texas to the adjudication of any dispute. Since this action was not filed in a court located in Travis County, Texas, it should be dismissed pursuant to rule 12 or 56 for breach of the mandatory forum selection agreements, or transferred to the Western District of Texas, which is located within the selected venue. The Second Circuit has permitted the dismissal of actions brought in violation of mandatory forum selection agreements. In the alternative if the Settlement is deemed to be invalid or inapplicable, then arbitration should be compelled in accordance with the arbitration clause contained in the MCA Agreement, which would otherwise be the controlling document. Additionally, Urban is merely a guarantor of the agreements and thus lacks the Article III standing required to maintain claims in his individual capacity as opposed to his capacity as a member or guarantor of Lat Long.

As also explained on behalf of the other Defendants, because the action belongs in either arbitration or Texas, defendant Unlimited seeks to stay further action by this Court subject to the outcome of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §3 (providing, in relevant part, that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…") and pursuant to the equitable powers of this Court.

I thank the Court for its attention to this matter.

Dated: White Plains, NY
June 7, 2023

**VINK & GOLD, PLLC**

By: *Elie B. Gold*
Elie B. Gold
Attorneys for Defendant Mynt Advance LLC
200 Mamaroneck Ave., Suite 602
White Plains, NY 10601
(607) 342-1507

- 3 -

                                                                                                        ElieBrandonGold@gmail.com

To:    Matthew Cono Capozzoli, Esq.
         Leech Tishman Robinson Brog, PLLC
         Attorneys for Plaintiffs
         875 Third Avenue, 9th Floor
         New York, New York 100