UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LAT LONG INFRASTRUCTURE, LLC and　　　　Case No. 1:23-cv-00810
DANIEL ROBERT URBAN,

                Plaintiffs,

  - against -

CITY CAPITAL NY, LLC, DYNASTY CAPITAL 26,
LLC, LEGACY CAPITAL 26, LLC, MYNT ADVANCE,
LLC, UNLIMITED FUNDING GROUP, LLC, YOEL
GETTER, CHANAN FUZAILOV and GAVRIEL
YITCHAKOV,

                Defendants.
-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY
DEFENDANTS MYNT ADVANCE, LLC AND UNLIMITED FUNDING GROUP, LLC
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
OR IN THE ALTERNATIVE TO CHANGE VENUE**

                          VINK & GOLD PLLC
                          Elie B. Gold, Esq.
                          200 Mamaroneck Ave., Suite 602
                          White Plains, New York 10601
                          (607) 342-1507
                          ElieBrandonGold@gmail.com

                          Attorneys for Defendant Mynt Advance, LLC and
                          Unlimited Funding Group, LLC

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

    POINT I
    IT IS REASONABLE TO ENFORCE A MANDATORY FORUM SELECTION
    AGREEMENT THAT WAS DRAFTED BY A PLAINTIFF AND NOT BY THE
    DEFENDANTS ...............................................................................................................1

CONCLUSION.........................................................................................................................3

# TABLE OF AUTHORITIES

**Cases**

Jones v. Custom Truck & Equip., LLC,
    2011 U.S. Dist. LEXIS 7025 (E.D. Va., 2011)....................................................................2

## ARGUMENT

Mynt and Unlimited made motions to dismiss this action, alternatively for summary judgment dismissing the action, or alternatively to transfer this action to the Western District of Texas. Mynt and Unlimited both entered into Payment Agreements with Lat Long that contain mandatory forum selection clauses selecting the state and federal courts of Travis County, Texas.

As elaborated herein, Plaintiffs cannot object to <u>their home jurisdiction</u>, which <u>they specifically designated in the agreement they drafted</u>. Further thereto, Plaintiff concedes Urban lacks standing and therefore pointing to him is irrelevant. Plaintiff also fails to allege the elements of a conspiracy as against Mynt or Unlimited and even a properly alleged conspiracy claim would not override the proper and provided for jurisdiction. Moreover, Plaintiffs' waiver argument as to Mynt is defeated by the non-waiver provision of the agreement. In short, and as detailed further herein, Plaintiffs should be held to the terms of their Payment Agreements and this action, as against Mynt and Unlimited, should either be dismissed for being filed in violation of the provisions of the respective Payment Agreements or be transferred to a venue specified by the Payment Agreements.

### POINT I

**IT IS REASONABLE TO ENFORCE A MANDATORY FORUM SELECTION AGREEMENT THAT WAS DRAFTED BY A PLAINTIFF <u>AND NOT BY THE DEFENDANTS</u>**

Plaintiffs drafted the Payment Agreements, which contain mandatory forum selection provisions and which they claim to be the governing agreements between the parties. Plaintiffs claim that their home forum, the forum they specifically designated in the agreement, is somehow inconvenient is absurd. The fact that Plaintiffs drafted agreements containing mandatory forum

selections selecting Plaintiffs' home forum should be enough on its own to require enforcement of those provisions and either to dismiss this case or to have it transferred.

Further, Plaintiffs effectively concede Urban lacks standing to maintain his claims by not addressing this argument in opposition to the motions. His argument that he is not a party to the Payment Agreements is therefore irrelevant.

Plaintiffs purported concern that enforcing the forum selection provisions may result in the matter being heard by multiple tribunals lacks merit for two reasons. First, if the motions to compel arbitration are granted, then the case will be heard by at least two tribunals anyway since some claims will be referred to arbitration and others will proceed in Court. Second, where the majority of Defendants have signed agreements requiring litigation to be commenced and maintained exclusively in Texas, the fact that a minority of Defendants have not agreed to that forum should not prevent enforcement of the forum selection agreements. In the Virginia case relied upon by Plaintiffs, Jones v. Custom Truck & Equip., LLC, the Court noted "courts resist merely shifting the balance of inconvenience" from one party to another in deciding whether to transfer a case. 2011 U.S. Dist. LEXIS 7025 at *15 (E.D. Va., 2011). Plaintiff's request to inconvenience the majority of the parties and hypocritically waive the very provision it seeks to enforce by selecting this jurisdiction is improper and unfair. This Court should resist merely shifting the balance of "inconvenience" however Plaintiffs choose to frame it at a given moment when deciding whether to dismiss or transfer the case against Mynt and Unlimited. Plaintiffs cannot now claim the forum they contractually selected – and where they are located -- is now inconvenient because of a third party.

Despite amending their complaint, Plaintiffs have still failed to make any nonconclusory allegations that Mynt and Unlimited are part of this purported conspiracy. Any theory about

jurisdiction or venue based upon a conspiracy claim against Mynt or Unlimited is therefore likewise conclusory and speculative. Stated simply, Plaintiffs do not allege the elements of a conspiracy as against Mynt or Unlimited

An action discontinued by Mynt on November 3, 2022 likewise has no impact on the forum-selection clauses. Plaintiffs' waiver argument is fully defeated by the non-waiver provision, which states

> "The failure by either Party to exercise any right, power, or privilege under the terms of this Agreement will not be construed as a waiver of any subsequent or future exercise of that right, power, or privilege or the exercise of any other right, power, or privilege."

Again, Plaintiff's argument is meritless.

Finally, to the extent the Payment Agreements that Plaintiffs drafted are disregarded, Mynt and Unlimited should be permitted to exercise their rights to elect to arbitrate this matter, which rights were specifically reserved in the moving papers.

## **CONCLUSION**

For all of the foregoing reasons, this action should be dismissed.

Dated: White Plains, New York
September 8, 2023

                                          VINK & GOLD, PLLC
                                          Attorneys for Defendants
                                            Mynt Advance, LLC and
                                            Unlimited Funding Group, LLC

                                     By: /s/ *Elie B. Gold*
                                            Elie B. Gold, Esq.
                                            200 Mamaroneck Ave., Suite 602
                                            White Plains, New York 10601
                                            (607) 342-1507
                                            ElieBrandonGold@gmail.com