```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAT LONG INFRASTRUCTURE, LLC and
DANIEL ROBERT URBAN,

                    Plaintiffs,                              **MEMORANDUM AND ORDER**

          v.                                                 1:23-cv-00810-OEM-TAM

CITY CAPITAL NY, LLC, DYNASTY CAPITAL
26, LLC, LEGACY CAPITAL 26, LLC, MYNT
ADVANCE, LLC, UNLIMITED FUNDING
GROUP, LLC, YOEL GETTER, CHANAN
FUZAILOV and GAVRIEL YITZCHAKOV,

                    Defendants.
------------------------------------------------------------x
```

ORELIA E. MERCHANT, United States District Judge:

On February 26, 2023, plaintiffs Lat Long Infrastructure, LLC ("Lat Long") and Daniel Robert Urban ("Urban") (together with Lat Long, "Plaintiffs") filed this action on February 2, 2023, bringing a civil RICO cause of action against defendants City Capital NY, LLC, Dynasty Capital 26, LLC, Legacy Capital 26, LLC, Mynt Advance, LLC, Unlimited Funding Group, LLC, Yoel Getter, Chanan Fuzailov, and Gavriel Yitzchakov (collectively, "Defendants"). For the reasons stated below, the Court hereby sua sponte dismisses this action for lack of prosecution. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (cleaned up).

## **BACKGROUND**

Plaintiffs filed this action in February 2022 and served summonses on all Defendants between February 2022 and March 2022. On July 21, 2023, Plaintiffs, with Defendants' consent,

filed an amended complaint. On September 15, 2023, Mynt Advance, LLC and Unlimited Funding Group, LLC each moved to (i) dismiss the action for lack of subject matter jurisdiction, or in the alternative (ii) grant summary judgment dismissing the action, or in the alternative (iii) change the venue of this action to the United States District Court for the Western District of Texas. On the same day, City Capital NY, LLC moved to (i) stay this pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and compel arbitration, or in the alternative (ii) dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 18, 2023, Dynasty Capital 26, LLC also moved to (i) stay this action and compel arbitration or, in the alternative, (ii) dismiss this action for improper venue.

On November 2, 2023, the parties appeared before Magistrate Judge Merkl for a status conference and consented to referral to the EDNY Mediation Panel. On November 16, 2023, the parties informed the Court that they had selected Stephen P. Younger to act as mediator and had initiated discussions regarding the scheduling of mediation.

On December 1, 2023, Plaintiff's counsel Leech Tishman Robinson Brog, PLLC ("Leech Tishman") filed a motion to withdraw and to stay this action for sixty days to allow Plaintiffs to retain new counsel. In the attached declaration of Matthew Capozzoli ("Capozzoli"), Capozzoli declared that (i) Urban was "no longer the manager of, or otherwise involved with, Lat Long," (ii) his "multiple calls and a formal letter" to the "individuals that Urban informed me are now in control of Lat Long" "have been ignored," and (iii) that Plaintiffs have refused to make timely payments of their legal fees associated with this action despite Leech Tishman's repeated attempts to collect. Capozzoli Declaration, ECF 48 at 2.

On December 6, 2023, Plaintiffs requested a hearing concerning the schedule for mediation given the recent change in control of Lat Long and the communication problems Leech

2

Tishman had been experiencing with its client. On December 13, 2023, Magistrate Judge Merkl ordered that the parties appear for a telephonic status conference on January 10, 2024, specifically directing that Urban and a representative of Lat Long personally appear at the conference.

On January 10, 2024, Magistrate Judge Merkl held a status conference. No representative of Lat Long appeared. During the conference, Magistrate Judge Merkl granted Leech Tishman's motion to withdraw, directed Urban to appear pro se on or before January 17, 2024, and ordered Lat Long to obtain new counsel and have counsel enter their appearance on the record by January 31, 2024. Magistrate Judge Merkl warned Lat Long explicitly in bold text that "failure to have new counsel enter an appearance by 1/31/2024 may result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute." January 10, 2024 Minute Entry and Order.

On February 1, 2024, Magistrate Judge Merkl set a revised deadline for Lat Long to obtain new counsel, explicitly warning that "**failure to have new counsel enter an appearance by 2/22/2024 will result in this Court recommending that Plaintiff's claims be dismissed for failure to prosecute**." February 1, 2024 Order (emphasis in original). The next day, on February 2, 2024, Defendants filed a certificate of service evidencing that they had served Plaintiffs with the Court's Order.

## **DISCUSSION**

"If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A court may sua sponte dismiss an action for failure to prosecute even in the absence of a motion from the parties. *See Link*, 370 U.S. at 630–31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases."). In weighing whether to dismiss a claim for failure to prosecute, the court must consider:

> (1) The duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interests in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* (citing *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The circumstances of this case weigh heavily in favor of the dismissal of Lat Long's claims for failure to prosecute. First, Lat Long has failed to comply with the Court's orders since January 10, 2024, when it first failed to appear for the status conference held by Magistrate Judge Merkl. Second, Lat Long was given explicit notice on two occasions that its failure to obtain counsel would lead to the dismissal of its claims. Third, Lat Long's failure to obtain counsel and to prosecute its claims has already subjected Defendants to prejudice and hindered the resolution of this matter, having significantly delayed the schedule of this action and the parties' attempts to engage in mediation. Lastly, Lat Long has made no recent indication of its interest in continuing to prosecute this action.

The Court notes that Urban has likewise failed to appear by the Court's January 17, 2024 deadline and has not made any recent indication of his interest in continuing to prosecute this action. Though the Court notes that Urban was not provided the same repeated, explicit warnings given to Lat Long of the consequences of a failure to appear, the Court finds that the other *Baptiste* factors justify the dismissal of Urban's claims: (1) Urban has missed his deadline to appear by

4

more than two months, (2) Urban's failure to prosecute its claims has prejudiced Defendants, and (3) Urban's failure to appear has harmed the Court's interest in maintaining its docket. However, given that Urban was not provided explicit advance warning that his failure to appear would result in the dismissal of this action, the Court grants Urban leave to re-open this action upon a motion, filed alongside an appearance in this action, on or before April 5, 2024.

## CONCLUSION

For the foregoing reasons, the Court hereby dismisses Plaintiffs' claims for failure to prosecute. Defendants are directed to serve a copy of this Order on Plaintiffs on or before March 28, 2024.

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

      /s/ Orelia E. Merchant
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
      March 26, 2024